PADUANO & WEINTRAUB LLP
1251 AVENUE OF THE AMERICAS
NINTH FLOOR
NEW YORK, NEW YORK 10020

TELEPHONE: 212-785-9100
TELECOPIER: 212-785-9099



June 3, 2022

**Via ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Peal Street
New York, NY 10007

    Re:    <u>Johnson v. Sunrise Brands LLC, et al.; Case No. 1:22-cv-00482-JGK</u>

Dear Judge Koeltl:

    This firm represents Defendants Sunrise Brands LLC ("Sunrise"), Diane Gilman Jeans LLC ("DGJ"), and Rachael Barnard ("Ms. Barnard") (collectively, "Defendants"). Together with counsel for Plaintiff, we submit this letter pursuant to Your Honor's Individual Rules of Practice I.F. and II.B, as part of Defendants' request for entry of a protective and/or confidentiality order to govern the parties' initial disclosures and production pursuant to the Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Actions, dated November 8, 2018 (the "FLSA Protocol") and the Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action, dated November 2011 (the "Employment Protocol").

    I.    <u>Defendants Position</u>: The parties agree that, pursuant to Your Honor's Individual Rules of Practice IV.B-C, they are subject initial discovery disclosures set forth in the FLSA Protocol and Employment Protocol and, further, that production is to be made on June 3, 2022. Defendants understand that the production made under the FLSA Protocol is subject to the Interim Protective Order annexed to thereto; similarly, the production under the Employment Protocol is subject to the Model Protective Order annexed thereto (together, the "Protective Orders"). However, Plaintiff has asserted that she refuses to abide by paragraph 8 of the Protective Orders, requiring that any documents produced and marked CONFIDENTIAL, to the extent filed, must be filed under seal. Defendants are concerned that Plaintiff's attempts to carve out the sealing requirement would in effect permit Plaintiff to publicly file a CONFIDENTIAL document without attempting to confer with Defendants and/or challenge the designation, as provided in the

respective orders. Defendants request that the Court enter an order affirming that the parties' initial production pursuant to the FLSA Protocol and the Employment Protocol shall be governed by the Protective Orders, in their entirety.

II.  <u>Plaintiff's Position</u>: Plaintiff has agreed to be bound by the model protective orders defined in the Protocols except for the paragraph requiring that all documents marked confidential "shall" be filed under seal automatically, which is at odds with the Court's Individual Practice Rule VI regarding the filing of documents under seal. The Court's process requires that a producing party obtain an order from the Court before a document may be filed under seal after the parties litigate the issue if they disagree with the confidential designation.

When Plaintiff's counsel asked Ms. Griffin, Defendants' attorney, why the Court's process for determining whether documents should be filed under seal was not sufficient in this wage theft and retaliatory termination case, and that an order requiring an automatic process for filing documents under seal was preferred, she stated that "we believe that it is necessary to prevent plaintiff from wholly disregarding the confidentiality designations," despite the fact that the parties have not even exchanged documents yet and there are no motions or filings that are imminently due to the Court.

Plaintiff respectfully requests that the Court deny Defendants' application for an automatic process for filing documents under seal in this case, and instead order the parties to utilize the Court's Individual Practice Rule VI process regarding the filing of documents under seal. Defendants have failed to articulate any reason for their request and this case does not involve sensitive corporate information or trade secrets. In Plaintiff's view, no documents that are relevant to this case will require filing under seal, particularly when confidential information can be redacted.

Respectfully submitted,

LAW OFFICE OF
DANIELA NANAU, P.C.                           PADUANO & WEINTRAUB LLP
*Attorneys for Plaintiff*                     *Attorneys for Defendants*

By: _/s/ Daniela Nanau_                       By:  /s/ Heather E. Griffin
Daniela Nanau                                 Meredith Cavallaro
89-03 Rutledge Avenue                         Heather E. Griffin
Glendale, New York 11385                      1251 Ave. of the Americas, FL 9
                                              New York, New York 10020

Defendants' request is granted. The parties shall adhere to the model protective order in full. However, to maintain documents under seal, the parties shall adhere to the Appendix for Redactions And Filing Documents Under Seal found at the end of my Individual Rules Of Practice In Civil Cases.

SO ORDERED:

_____ 6/7/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE