# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release ("Agreement") is entered into as of the __5__ day of December 2022, by and between Ashley Johnson ("Johnson" or "Plaintiff") on the one hand, and Sunrise Brands LLC, Diane Gilman Jeans LLC, and Rachael Barnard (collectively, the "Defendants" or the "Company") on the other hand. Plaintiff and Defendants are collectively referred to herein as the "Parties" (each, individually a "Party").

WHEREAS, Plaintiff filed a Complaint in the United States District Court, Southern District Of New York, on January 19, 2022, captioned Ashley Johnson v. Sunrise Brands LLC, et al., Case No. 1:22-cv-00482-JGK (the "Court Action") alleging claims pursuant to the Fair Labor Standards Act and the New York Labor Law;

WHEREAS, on April 20, 2022, Plaintiff filed her First Amended Complaint (the "First Amended Complaint");

WHEREAS, on May 5, 2022, Defendants filed an Answer to Plaintiff's First Amended Complaint denying all allegations of wrongdoing;

WHEREAS, on August 11, 2022, the Parties, and counsel for the Parties, participated in a court-ordered mediation before mediator Christopher Mason ("Mediator");

WHEREAS, thereafter, the Parties engaged in further settlement negotiations through the Parties' counsel, facilitated by the Mediator;

WHEREAS, Defendants have denied any wrongdoing or unlawful actions and/or liability whatsoever and specifically disclaim any liability;

WHEREAS, it is understood by the Parties that this Agreement is solely and exclusively for the purpose of the settlement and compromise of disputed claims and that the execution of this Agreement is not to be construed or considered as an admission of liability, fault or wrongdoing of Defendants; and

WHEREAS, in the interest of efficiently resolving the dispute, and in order to avoid the costs, inconvenience and uncertainty inherent in any potential litigation, the Parties wish to fully and finally resolve and settle any and all disputes and claims between them; and

WHEREAS, subject to the terms set forth in this Agreement and conditioned on the Court's approval of this Agreement Plaintiff agrees to voluntarily

discontinue the Court Action, with prejudice, in exchange for the consideration set forth herein, and;

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereby agree as follows:

1. <u>Effective Date.</u> This Agreement shall not become effective until it is approved by order of the Court. The date the Court issues an order approving the Settlement Agreement shall be the "Effective Date."

2. <u>Payment.</u> Within fourteen (14) days after the Effective Date, Defendants shall pay to Plaintiff the total amount of seventy-eight thousand dollars ($78,000.00) (the "Settlement Payment"). The Settlement Payment shall be delivered to Plaintiff's counsel Daniela Nanau, Esq. Law Office of Daniela Nanau, P.C. by sending the following checks to 89-03 Rutledge Avenue, Glendale, New York 11385 via overnight mail:

(i) One check made payable to "Ashley Johnson" in the gross amount of Sixteen Thousand Eight Hundred and Two Dollars and Forty-Seven Cents ($ 16,802.47), less applicable taxes and payroll withholdings.

(ii) One check payable to "Ashley Johnson" in the gross amount Thirty-Three Thousand Six Hundred and Four Dollars and Ninety-Six Cents ($ 33,604.96), without withholdings.

(iii) One check payable to "Law Office of Daniela Nanau, P.C." in the amount of Twenty-Seven Thousand Five Hundred and Ninety-Two Dollars and Fifty-Seven Cents ($27,592.57), representing attorneys' fees of $24,827.54 and costs of $2,765.03 .

Plaintiff acknowledges and agrees that, except as expressly provided in this paragraph, Plaintiff is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay, or benefits of any kind from Defendants, or any of its affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to plaintiff.

Plaintiff further acknowledges and agrees that (i) this settlement may result in taxable income to Plaintiff under applicable federal, state and local tax

laws; (ii) Defendants are not providing tax, accounting or legal advice to Plaintiff, and make no representations regarding any tax obligations or tax consequences on Plaintiff's part relating to or arising from this Agreement; (iii) Plaintiff shall be solely responsible for all of her tax obligations, including, without limitation, all federal, state, and local taxes, and Plaintiff shall not seek indemnification from Defendants with respect thereto; (iv) Plaintiff has been advised that Defendants must comply with their obligations to make reports of such taxable income to the appropriate federal, state, and local tax authorities, and issue IRS Forms W-2 and/or 1099, as appropriate; and (v) Plaintiff shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state, and local tax laws.

3. <u>Dismissal with Prejudice</u>. The Parties expressly agree and acknowledge that, on November 14, 2022, the Court, upon being advised that the Parties had reached a settlement in principle, entered an order directing the parties to submit the settlement agreement for review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 200 (2d Cir. 2015), at Doc. No. 31, Case No. 1:22-cv-00482-JGK, which the parties will submit with a stipulation dismissing the claims raised by Plaintiff with prejudice. Plaintiff hereby agrees and acknowledges that she agrees to discontinue the Court Action, with prejudice, and Defendants contend that absent such discontinuance with prejudice, Defendants would not enter into this Agreement.

4. <u>No Admissions</u>. The Parties expressly agree and acknowledge that Defendants have entered into this Agreement solely for the purpose of avoiding the burden and expense of litigation. The Defendants expressly deny that any of the Defendants, or any of their current or former shareholders, executives, directors, trustees, officers, managers, agents, employees, subsidiaries, affiliates, and related business entities, have violated any federal, state, or local law (statutory or decisional), ordinance or regulation, or that Defendants or any of its current or former shareholders, executives, directors, trustees, officers, managers, agents, employees, staff, subsidiaries, affiliates, and related business entities, have committed any wrong against Plaintiff. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

5. <u>Release by Plaintiff</u>. Plaintiff, for herself and her heirs, executors, beneficiaries, successors, assignees, immediate family members, and any other person or entity who could now or hereafter assert a claim in her name or on her behalf, hereby releases and forever discharges Defendants, and their parent companies, subsidiaries and affiliates and its and their owners, shareholders, executives, officers, directors, managers, members, partners, employees, former employees, agents, attorneys, insurers, (collectively the "Released Parties"), from

any and all past or present claims related to or arising out of Plaintiff's employment with Defendants or the separation of Plaintiff's employment with the Defendants, which Plaintiff had or now has, including but not limited to claims for (a) unpaid wages, failure to pay minimum wage, overtime, commissions, bonuses, fringe benefits, wage notices, wage statements or any other claim based on the Fair Labor Standards Act, 29 U.S.C. 201 et seq., the New York Minimum Wage Law, as amended, N.Y. Labor Law, the New York Occupational Safety and Health Laws, the New York Whistleblower Law, N.Y. Labor law, § 740 et seq., New York Labor Law § 190 et seq., New York State Labor Laws, the New York Wage Theft Prevention Act, , the New York Codes, Rules and Regulations, the New York Miscellaneous Industries Wage Order or any other rules or regulations pertaining to wages and hours; (b) related to her employment or separation of employment with Defendants including but not limited to claims for discrimination, harassment, disparate treatment and/or retaliation on any basis under any federal, state or city statute, regulation or law; (c) any claim for infliction of any tort concerning Plaintiff's employment or separation of employment; ; (d) any claim arising out of any oral or written contract relating to Plaintiff's employment or separation of employment with Defendants; (d) any claim for attorneys' fees, costs, related disbursements or the like relating to any of the above.

This Agreement does not release any rights or claims that arise after the date of execution of this Agreement, including any claim for breach of this Agreement.

Nothing in this Agreement shall be deemed to prohibit Plaintiff from participating or cooperating with the EEOC or other governmental or law enforcement agency in any investigation, administrative proceeding or action involving Defendants conducted or brought by such agency. However, Plaintiff agrees that she shall not be entitled to and shall not seek nor permit anyone to seek on her behalf any personal, equitable or monetary relief in any such action.

6. <u>Release by Defendants</u>. Defendants hereby release Plaintiff from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts agreements, actions, causes of action, charges, liens, obligations, liabilities, sums of money, reckoning, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities, or obligations, including but not limited to legal expenses, disbursements and/or costs, arising from her employment with Defendants or the separation of her employment with Defendants, which Defendants had or now have against Plaintiff, except that Defendants do not release Plaintiff for any claims involving criminal conduct, gross negligence, fraud, and/or embezzlement, unknown as of the date of this Agreement.

7. <u>Mutual Non-Disparagement</u>. Plaintiff agrees that she will not knowingly or intentionally make, or cause to be made, any statement (oral or written) that disparages the reputation or business of Defendants. Notwithstanding the foregoing, Plaintiff may make truthful statements about her experience litigating her case. Defendants agree to instruct Rachel Barnard, Karen Paris and Sekula Sinadinovski, not to knowingly or intentionally make, or cause to be made, any statement (oral or written) that disparages the reputation of Plaintiff.

8. <u>Ownership of Released Matters</u>. The Parties each hereby warrant and represent that he/she/it is the sole and lawful owner of all rights, title, and interest in and to all claims released herein, and that he/she/it has not heretofore assigned or transferred, or purported to assign or transfer, any of such released claims, in whole or in part, to any other person or entity.

9. <u>Court Approval</u>. Counsel for Plaintiff shall submit this Agreement for approval to the Court following full execution of this Agreement by the Parties in a letter motion for court approval. In the event this Agreement is not approved by the District Court for the Southern District of New York, and an order approving this Agreement does not issue, this Agreement shall be deemed null, void, and unenforceable and each Party shall retain their respective rights as they existed prior to the execution of this Agreement, and in such instance, this Agreement shall not be used for any purpose, and Plaintiff's claims shall continue. Provided, however that the parties shall cooperate in obtaining court approval of this Agreement.

10. <u>Acknowledgments and Affirmations</u>. Plaintiff affirms that she has neither filed nor caused to be filed, and is not presently a party to any claim against Defendants and/or any other Released Parties. Plaintiff further affirms that the payment of the Settlement Amount herein is a fair and reasonable settlement of her claims. Defendants affirm that they have neither filed nor caused to be filed, and are not presently parties to any claim against Plaintiff.

11. <u>No Oral Modifications</u>. The provisions of this Agreement may be modified only by written agreement of all Parties. The terms or provisions of this Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties. This Agreement may not be assigned by any of the Parties.

12. <u>Counterparts</u>. This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, and all such counterparts shall comprise but one Agreement. Further, this Agreement may be executed by

5

facsimile or PDF. Execution by facsimile or PDF shall be deemed to be execution in the original in accordance with New York law.

13. <u>Binding Effect</u>.  Subject to Paragraph 6 hereinabove, this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors and heirs.

14. <u>Further Assurances</u>. Provided that this Agreement is approved by the Court, the Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.  The Parties shall cooperate in good faith to obtain the Court's approval of this Agreement.

15. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement and understanding between the Parties concerning their settlement of Plaintiff's claims in the Court Action, and supersedes all prior discussions and negotiations between them concerning settlement of those claims. This Agreement may not be terminated or modified except by a writing signed by all Parties. The Parties agree that this Agreement contains the Parties' full and complete agreement.

16. <u>Joint Authorship.</u> This Agreement is the result of negotiations between the Parties to this Agreement. There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

17. <u>Attorneys' Fees and Costs</u>. Each party shall bear its or his/her own attorneys' fees and costs incurred through the execution of this Agreement, except as specifically provided for herein.

18. <u>Headings</u>. The paragraph headings herein are for convenience only, and shall not affect the interpretation or construction of this Agreement.

19. <u>Governing Law</u>. This Agreement shall be construed under and governed by the laws of the State of New York, notwithstanding any choice of law provision or principle to the contrary.

20. <u>Advice of Counsel</u>. Each person executing this Agreement represents that he/she/it has consulted with an attorney prior to signing this Agreement. Johnson represents that she has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon her independent judgment after consulting with her counsel. In making

this determination, Plaintiff has an adequate opportunity to discuss and assess the merits of all her claims and potential claims.

21.    <u>Signatures</u>. The Parties hereby signify their agreement to the above terms by their signatures below. The officers of the corporate defendants, Sunrise Brands LLC and Diane Gilman Jeans LLC, represent that they, he or she is authorized to execute this Agreement on behalf of the respective entities.

Ashley Johnson executes this Agreement on her own behalf and represents that: (1) she has been given an opportunity to consult with counsel prior to signing this Agreement; and (2) she has not relied on any representations of Defendants' counsel with respect to the subject matter of this Agreement.

PLAINTIFF:

By: _____
Ashley Johnson

Dated: __December 5, 2022__

DEFENDANTS:

Sunrise Brands LLC:

By: _____

Name:

Title:

Dated: _____

Diane Gilman Jeans LLC:

By: _____

Name:

Title:

Dated: _____

[Signatures continued on next page]

this determination, Plaintiff has an adequate opportunity to discuss and assess the merits of all her claims and potential claims.

21. <u>Signatures</u>. The Parties hereby signify their agreement to the above terms by their signatures below. The officers of the corporate defendants, Sunrise Brands LLC and Diane Gilman Jeans LLC, represent that they, he or she is authorized to execute this Agreement on behalf of the respective entities.

Ashley Johnson executes this Agreement on her own behalf and represents that: (1) she has been given an opportunity to consult with counsel prior to signing this Agreement; and (2) she has not relied on any representations of Defendants' counsel with respect to the subject matter of this Agreement.

PLAINTIFF:

By: _____

Ashley Johnson

Dated: _____

DEFENDANTS:

Sunrise Brands LLC:

By: _*Christian W. Trunnell*_

Name: Christian W. Trunnell

Title: General Counsel

Dated: __December 7, 2022__

Diane Gilman Jeans LLC:

By: _*Christian W. Trunnell*_

Name: Christian W. Trunnell

Title: General Counsel

Dated: __December 7, 2022__

[Signatures continued on next page]

7

By: _[signature]_

Rachael Barnard

Dated: _Dec. 7, 2022_